UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MERT DUYMAYAN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CO.,<br><br>Defendant. | Case No. 2:25-cv-00226-JAD-EJY<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>ECF No. 5 |

On 2/18/25, the magistrate judge entered this report and recommendation [ECF No. 5]:

>  Pending before the Court is Plaintiff's Amended Complaint. ECF No. 4. Plaintiff was granted *in forma pauperis* status on February 6, 2025. ECF No. 3. Plaintiff's Amended Complaint is identical to his original Complaint with the exception of claiming federal question rather than diversity jurisdiction. *Compare* ECF Nos. 1-1 *to* 4.
>
>  As did Plaintiff's original Complaint, Plaintiff's Amended Complaint alleges only one claim; that his credit limit was lowered after a purchase at Wal-Mart and, after complaining and a promise to raise his limit, Defendant failed to do so. ECF No. 4 at 4. Plaintiff identifies no cause of action, not statutory violation, and no alleged violation of the constitution. Plaintiff also does not allege any facts supporting his $5,000,000 in damages. *Id*.
>
>  The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 95 *Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Federal jurisdiction must "be rejected if there is any

doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal district courts "have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have subject matter jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, whether the Court looks to diversity of citizenship or federal question, Plaintiff's Amended Complaint fails to plead sufficient facts to establish a basis for jurisdiction. Specifically, Plaintiff identifies no statute, code, common law, or constitutional provision allegedly violated; and Plaintiff again fails to plead a plausible factual basis for his damages. It is Plaintiff's obligation to present factual allegations sufficient to state a claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (internal quotation omitted). However, a plaintiff may not simply state that a defendant did him wrong without providing notice of the actual claims against the defendant. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

The Court's February 6, 2025 Order advised Plaintiff that an amended complaint had to include sufficient facts to establish jurisdiction. ECF No. 3. Plaintiff was further advised that any amended complaint had to be complete in and of itself containing all facts and identifying all wrongs allegedly committed. *Id*. Plaintiff was told that "failure to comply with the content of th[e] … Order … [would] result in a recommendation that this matter be dismissed in its entirety." *Id*.

Plaintiff has twice failed to plead sufficient facts to establish a basis for the exercise of jurisdiction. ECF Nos. 1-1, 4. Plaintiff has also twice failed to plead facts and law sufficient to give Defendant notice of the actual claims against it. Under these circumstances the Court finds it

2

appropriate to recommend dismissal of this action. *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir.1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim …, but … must give notice of its *sua sponte* intention to" dismiss and give the plaintiff some opportunity to respond "unless the [p]laintiff[] cannot possibly win relief.") (internal citation omitted).

Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed without prejudice, but without leave to amend.

Dated this 18th day of February, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### ORDER ADOPTING REPORT & RECOMMENDATION

The deadline for any party to object to this recommendation was 3/4/25, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 5] is ADOPTED** in its entirety, **this case is DISMISSED**, and the Clerk of Court is directed to **CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
Dated: March 5, 2025

3